IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAMIEN JERMAINE WILLIAMS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0125 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 petition challenging his conviction for aggravated robbery. Respondent filed a motion to dismiss for want of jurisdiction, arguing that the petition is an unauthorized successive petition. (Docket Entry No. 5.) Respondent served petitioner a copy of the motion on March 19, 2010, as reflected on the certificate of service. *Id*., p. 10. Despite expiration of a reasonable time in excess of fifty days, petitioner has failed to respond to the motion to dismiss.

Based on consideration of the motion, the pleadings, public court records, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this lawsuit for want of jurisdiction.

*Background*

Petitioner was convicted of aggravated robbery in May of 2005, under cause number 975664 in Harris County, Texas, and sentenced to twenty-five years incarceration. The state courts affirmed the conviction and denied habeas relief. Petitioner filed a federal habeas

petition in August of 2008, challenging a prison disciplinary conviction; this petition remains pending. *Williams v. Thaler*, C.A. No. 5:08-cv-0140 (E.D. Tex. 2008).

In the instant federal lawsuit, petitioner complains that the court failed to exclude hearsay testimony, and that trial counsel was ineffective in failing to preserve error regarding the hearsay; in failing to investigate, interview and/or subpoena witnesses; and in failing to follow the contemporaneous objection rules. Respondent argues that petitioner was aware of these issues in August of 2008 when he filed his disciplinary conviction habeas challenge, and that, because he failed to raise those issues in his 2008 federal petition, the instant petition is successive pursuant to *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009). Respondent states that this petition must be dismissed, as petitioner has not obtained permission from the Fifth Circuit to pursue a successive petition. Petitioner, not having responded to the motion, does not dispute respondent's arguments.

*Analysis*

In *Propes*, the Fifth Circuit determined that a state inmate's section 2254 petition challenging a conviction was successive, as

> [t]he alleged errors in Propes's conviction, which are the targets of the challenge he now presents in a second habeas filing, occurred before Propes's made his first habeas filing. That fact makes the second habeas petition successive.

573 F.3d at 229 (citations omitted). In *Propes*, the first federal habeas petition had challenged not the state conviction, but a prison disciplinary conviction. Such is the case in the instant habeas proceeding; petitioner filed his disciplinary conviction challenge in August

2

of 2008, and filed the instant habeas challenge to his state conviction in 2010. Petitioner knew of the instant habeas errors no later than January of 2008, as the claims were raised in his state habeas proceeding. *Ex parte Williams*, WR-69,574-01 (filed January 8, 2008). Accordingly, the instant habeas petition falls squarely within the parameters of a successive federal habeas petition set forth in *Propes*, and must be dismissed unless petitioner has obtained authorization from the Fifth Circuit to pursue this case. As neither petitioner nor as review of public records for the Fifth Circuit show that such authorization has been granted, the instant case is an unauthorized successive petition.

*Conclusion*

The petition is DISMISSED FOR WANT OF JURISDICTION as an unauthorized successive petition. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on May 14, 2010.

_____
Gray H. Miller
United States District Judge